THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D. JOEL IRIZARRY,<br>　　Plaintiff, | :<br>:<br>: |
| V. | :　CIVIL ACTION NO. 21-CV-4630<br>: |
| S.C.I. PHOENIX, *et al.*,<br>　　Defendants. | :<br>: |

## MEMORANDUM

**GOLDBERG, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　**OCTOBER 25, 2021**

　　D. Joel Irizarry, a state prisoner currently housed at SCI Houtzdale, has filed this civil action using the Court's preprinted form complaint for prisoners to file civil rights actions. Named as Defendants are "SCI Phoenix, Department of Corrections" and a correctional officer named Norma Tilson-Pierce.[1] Irizarry has also filed an application to proceed *in forma pauperis*. For the reasons that follow, Irizarry will be permitted to proceed *in forma pauperis*, Defendant "SCI Phoenix, Department of Corrections" will be dismissed, and the Complaint will be served on Defendant Tilson-Pierce for a responsive pleading.

**I.　　FACTUAL ALLEGATIONS**

　　Irizarry alleges that at approximately 7:45 a.m. on October 24, 2019, while he was being transported from SCI Phoenix to SCI Houtzdale, the driver of the prison transport bus, Defendant Tilson-Pierce, crashed the bus into a concrete barrier on the Pennsylvania Turnpike because she

---

[1] In the caption of the Complaint Irizarry named "SCI Phoenix, Department of Corrections" as the entity he seeks to sue, but in the list of defendants on page two of the form he named "Dept. of Corrections SCI Phoenix." It is unclear whether Irizarry sought to name one entity or two entities as Defendants. Construing his pleading liberally, the Court will screen his Complaint as if he named both entities separately.

1

was talking or texting on a cell phone.  (ECF No. 2 at 3.)[2]  He alleges Tilson-Pierce was driving recklessly and carelessly when she veered out of a travel lane, swerved attempting to get back into the lane, and crashed.  (*Id.*)  Irizarry alleges he suffered injuries to his shoulder, back, neck and leg requiring x-rays, prescription pain medication, and therapy.  He has damage to spinal discs and nerve damage.  (*Id.*)  He seeks money damages for claims of negligence and "deliberate indifference."  (*Id.* at 5.)

II.     **STANDARD OF REVIEW**

The Court grants Irizarry leave to proceed *in forma pauperis*.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678. As Irizarry is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] However, because he is a prisoner, Irizarry must still pay the full amount of the filing fee in installments as required by the Prison Litigation Reform Act.

F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.   DISCUSSION

Because Irizarry used the Court's preprinted form for filing civil rights claims, the Court understands him to be asserting constitutional violations as well as state law claims against the Defendants. The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Any claim for money damages against SCI Phoenix and/or the Pennsylvania Department of Corrections is not plausible and must be dismissed. First, States and their agencies, like the Department of Corrections and SCI Phoenix, are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Second, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, *id.*, and the Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). Since SCI Phoenix is a prison within Pennsylvania's Department of Corrections, it is entitled to Eleventh Amendment immunity and is not a "person" for purposes of § 1983. *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that, "[b]ecause the Commonwealth of Pennsylvania's

Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" and is also not considered a person for purposes of § 1983); *see also Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (*per curiam*) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI-Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983."). The Court will therefore dismiss the civil rights claims, as well as any state law claims in the nature of negligence, recklessness, or carelessness against SCI Phoenix and/or the Department of Corrections with prejudice since Irizarry seeks money damages and is barred from doing so in federal court.[4]

## IV.  CONCLUSION

For the reasons stated, all claims against SCI Phoenix and/or the Pennsylvania Department of Corrections are dismissed with prejudice. The claims against Norma Tilson-Pierce will be served for a responsive pleading. An appropriate Order follows.

---

[4] The Court expresses no opinion on whether Irizarry may successfully assert claims in state court.